The STATE of Ohio, Appellee,

v.

CEJAS, Appellant.

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–01–032.

Decided Jan. 11, 2002.

Felipe G. Cejas, pro se.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas which dismissed the petition for postconviction relief of pro se petitioner-appellant, Felipe G. Cejas. From that judgment, appellant now raises the following assignments of error:

{¶ 2} "1) The trial court erred in applying a procedural time bar to appellant's petition for post-conviction [sic] when the appellant was unavoidably detained from discovering the facts that would allow him to file a petition for post-conviction [sic] within the one-hundred-eighty-day time limit.

{¶ 3} "2) The trial court erred when assuming that a recent United States Supreme Court's decision does not creat [sic] a new federal right that applies to his case."

{¶ 4} The relevant facts of this case are as follows. On July 6, 1992, appellant was convicted after a jury trial of possessing cocaine in an amount of at least one hundred times the bulk amount (one thousand grams or more) in violation of R.C. 2925.03(A)(9) and of complicity to sell cocaine in an amount of at least one hundred times the bulk amount (one thousand grams or more) in violation of R.C. 2925.03(A)(10) and 2923.03(A)(2).

{¶ 5} Prior to the jury trial, the state filed a motion in limine to preclude testimony from the defense's expert witness regarding a quantitative analysis of the cocaine. Both the prosecution and appellant had the opportunity to file

memoranda in support of or in opposition to the motion, and presented oral arguments to the trial court. Appellant, in opposition to the motion in limine, argued that the testimony of his expert, a chemist, regarding the weight of the seized compound was relevant to defend against proof of an essential element of the alleged crime, the amount of cocaine possessed. In support of this contention, appellant argued that the expert would testify that the cocaine seized by the police contained 1.1 percent water and that the total weight of the seized substance was 1003.9 grams. Therefore, when the water weight was subtracted out, the actual cocaine compound only weighed 992.9 grams.

{¶ 6} The trial court granted the motion in limine to suppress the expert testimony. The trial court found that the weight of each individual component of the seized substance was not relevant in determining the bulk amount of the seized drug, and that this evidence would be misleading to the jury. Rather, to determine the bulk amount under Ohio law, the trial court found it necessary to prove only that the total weight of the seized substance was at least one thousand grams, and that a portion of the total substance contained cocaine.

{¶ 7} A jury then found appellant guilty of both offenses. Finding that the two offenses were allied offenses of similar import, the court sentenced appellant on the complicity conviction to an indefinite term of incarceration of fifteen years to life, with fifteen years' actual incarceration.

{¶ 8} Appellant appealed his conviction to this court, wherein he raised the following assignment of error:

{¶ 9} "I. The trial court erred by granting the state's motion in limine, disallowing the defendant to present expert testimony regarding the weight of the alleged cocaine compound."

{¶ 10} The actual argument raised on appeal, however, was different from the argument appellant raised in opposition to the motion in limine before the trial court. That is, in appealing his conviction to this court, appellant asserted that his expert would have testified that the seized cocaine absorbed water vapor from the date of appellant's arrest, February 14, 1992, to the date that it was first weighed, February 26, 1992, causing it to weigh more than one thousand grams. Because the argument on appeal was not raised at the trial level, we would not consider it for the first time on appeal and found appellant's sole assignment of error not well taken. *State v. Cejas* (Aug. 27, 1993), Huron App. No. H–92–032, 1993 WL 323618.

{¶ 11} On June 26, 2000, the United States Supreme Court released its decision in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, in which the court held: "The Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum,

other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt."

{¶ 12} On June 4, 2001, appellant filed a petition for postconviction relief in which he raised one claim for relief. Appellant challenged the trial court's determination as to what constitutes the definition of "bulk amount" for purposes of a cocaine possession charge. Appellant asserted that because the weight of the cocaine compound included water vapor, the actual weight of the cocaine was withheld from the jury. Accordingly, appellant averred, the jury did not determine an essential element of the offense charged and this in turn had a significant impact on his sentencing. Appellant then alleged that because the *Apprendi* decision created a newly recognized constitutional right to have a jury determine each element of the crime charged, his petition should not be considered untimely. Finally, appellant requested a hearing on his petition.

{¶ 13} On June 12, 2001, the trial court released a decision and judgment entry denying appellant's petition without a hearing. Reviewing appellant's claim, the court stated:

{¶ 14} "A review of the record indicates that the trial court granted the state's motion in limine prohibiting Petitioner from introducing evidence from an expert witness that, when the amount of water vapor was subtracted from the bulk weight of the cocaine, the amount of actual cocaine remaining was less than 1000 grams. The issue was taken up on appeal and the trial court was sustained. The determination as to what constitutes the definition of, as distinguished from the weight of, 'bulk amount' is a question of law for the court, not a question of fact for the jury. The decision in *Apprendi* did not change that rule. *Apprendi* does not provide Petitioner with any right of relief he did not possess at the time of his trial and appeal."

{¶ 15} Accordingly, the court found that there were no substantive grounds for relief and that the petition was untimely. The court therefore denied appellant's petition for postconviction relief.

{¶ 16} Together, appellant's assignments of error challenge the trial court's dismissal of his petition for postconviction relief.

{¶ 17} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant was convicted and sentenced on July 6, 1992. Thereafter, on August 27, 1993, this court affirmed his conviction and sentence. Because appellant did not file his petition for postconviction relief until June 4, 2001, the petition was untimely. R.C.

2953.23(A) provides that the trial court "may not entertain a petition filed after the expiration of the period prescribed in" R.C. 2953.21(A) or a second petition for similar relief unless *both* of the following conditions apply:

{¶ 18} "(1) Either of the following applies:

{¶ 19} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

{¶ 20} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 21} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶ 22} Appellant asserted before the lower court, as he asserts herein, that the United States Supreme Court recognized a new federal right in *Apprendi* that applies to his case. Specifically, appellant argues that *Apprendi* recognized a new federal right to have each element of the offense charged presented to the jury and proved beyond a reasonable doubt. Given this "new" right, appellant contends that evidence of the true weight of the cocaine compound was withheld from the jury and, therefore, he was convicted in violation of his constitutional rights.

{¶ 23} Contrary to appellant's assertion, *Apprendi* did not create a new right to have each element of a crime charged proved beyond a reasonable doubt. That right has been an integral part of the criminal justice system in the United States for centuries. See *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. Rather, the court in *Apprendi* addressed the narrow issue of sentence enhancements and held, 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Appellant's original sentence was within the statutorily prescribed range of possible sentences.

{¶ 24} Accordingly, appellant's petition did not meet the requirements set forth in R.C. 2953.23 for the court to review the merits of an untimely filed

petition for postconviction relief. The court, therefore, properly dismissed the petition.

{¶ 25} Upon consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

Judgment affirmed.

PETER M. HANDWORK and JAMES R. SHERCK, JJ., concur.